IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Cr. No. 3:13-po-0006 (CMC) |
| Appellee, | ) | |
| v. | ) | APPEAL |
| Cecil D. Rodgers, | ) | **OPINION and ORDER** |
| Appellant. | ) | |

This matter is before the court on Appellant's appeal from his conviction by a Magistrate Judge of this court for a violation of 38 C.F.R. § 1.218(b)(4), willful destruction, damage, or removal of Government property without authorization.[1] Appellant was convicted after a bench trial and sentenced to three (3) months' imprisonment and a special assessment of $10.00. Appellant filed a timely Notice of Appeal to this court. The parties to the appeal have briefed this matter, and it is ripe for consideration. For the reasons set forth below, Appellant's conviction is affirmed.

**I. STANDARD OF REVIEW – APPEAL FROM MAGISTRATE JUDGE DECISION TO DISTRICT COURT**

"An appellate review conducted by a district court after a bench trial before a magistrate judge is not a trial *de novo*; rather, the district court utilizes the same standards of review applied

---

[1]The Violation Notice given to Appellant indicated he was charged with and convicted under a penalty provision of the Code of Federal Regulations (CFR), not the section which created the substantive offense. *See* 38 C.F.R. § 1.218(a)(3) (willful removal of Government property prohibited). However, as the Sixth Circuit noted in an unpublished opinion, "the language of the penalty section is similar to that of the substantive offense section and both sections explicitly prohibit the conduct for which [Rodgers] was convicted." *United States v. Williams*, No. 89–3720, 1990 WL 811 at *2 (6th Cir. 1990).

1

by a court of appeals in assessing a district court conviction." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005). *See also* Fed. R. Crim. P. 58(g)(2)(D).

Accordingly, this court reviews the Magistrate Judge's findings of fact for clear error and reviews issues of law *de novo*. *Bursey*, 416 F.3d at 306. The review of a factual finding for "clear error" is "a very deferential standard of review, allowing [the court] to reverse only if [the court is] left with a definite and firm conviction that a mistake has been committed." *United States v. Horton*, 693 F.3d 463, 474 (4th Cir. 2012) (internal quotation marks and citation omitted).

"A defendant challenging the sufficiency of the evidence to support his conviction bears 'a heavy burden.'" *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting *United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995)). "In assessing the sufficiency of the evidence presented in a bench trial, [the appellate court] must uphold a guilty verdict if, taking the view most favorable to the Government, there is substantial evidence to support the verdict." *Elliott v. United States*, 332 F.3d 753, 760-61 (4th Cir. 2003). "'Substantial evidence' means 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Armel*, 585 F.3d 182, 184 (4th Cir. 2009) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir.1996) (en banc)). That is, "in assessing a challenge to the sufficiency of the evidence, [the appellate court] view[s] the evidence in the light most favorable to the government in order to decide whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Garcia-Ochoa*, 607 F.3d 371, 376 (4th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

In evaluating the facts presented at trial, an appellate court considers "both circumstantial and direct evidence, and allow[s] the government all reasonable inferences that could be drawn in its favor." *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). "[I]t is the role of the factfinder, not the appellate court, to resolve conflicts in testimony, weigh the evidence, and judge the credibility of witnesses." *United States v. Manbeck*, 744 F.2d 360, 392 (4th Cir. 1984).

When a district court is reviewing a magistrate judge's interpretation of a law, the review is *de novo*. *United States v. Myers*, 280 F.3d 407, 416 (4th Cir. 2002) ("A court of appeals reviews questions of statutory interpretation *de novo*."). Although this case deals with a challenge to an administrative regulation rather than a statute, the same principles of review apply. *See United States v. Lofton*, 233 F.3d 313, 317 n.4 (4th Cir. 2000) ("The interpretation of the regulations is a legal question reviewed *de novo*."). With these standards in mind, the court now turns to the Magistrate Judge's determination of the law and the facts.

## II. TRIAL

Taken in the light most favorable to Appellee, the facts presented at trial reveal the following. On January 1, 2013, Appellant was captured on video surveillance removing a vacuum cleaner from a housekeeping cart in the lobby of the William Jennings Bryan Dorn Veterans Administration (VA) Hospital and taking the vacuum cleaner out the front door. David Brown, a housekeeping supervisor, testified that Appellant did not work in the housekeeping department. Tr. at 8. The VA housekeeping staff conducted a search of the building and did not find the vacuum cleaner. On January 7, 2013, Calvin Rascoe, a criminal investigator employed by the VA Police, interviewed Appellant after advising him of his *Miranda*[2] rights. During the interview, Appellant

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

admitted that he "took" the vacuum cleaner, but also indicated that he gave it to another employee who was waiting outside the building. Tr. at 22, 23. Appellant refused to identify the employee to whom he had purportedly given the vacuum cleaner and told Rascoe that "[i]f anything goes down, then I am going to be the one to go down." *Id*. at 18. About an hour after the initial interview, Appellant told Rascoe that the missing vacuum cleaner had been found and that it was "in the linen room." *Id*. Rascoe and Brown inspected the proffered vacuum cleaner and determined that the VA "control number" tag had been removed. However, by comparing the cleaner's serial number with the list kept by Brown, Rascoe determined that it was not the same vacuum cleaner. Four months later, after Appellant had been charged, the missing vacuum cleaner was recovered in a closet where it was not normally stored. *See id.* at 11.

### III. DISCUSSION

Appellant presents two arguments. First, Appellant contends that the evidence was insufficient to show Appellant willfully removed the vacuum cleaner "from federal property without authorization or with a specific intent to deprive the owner of the property." Br. of Appellant at 1 (ECF No. 25). Second, Appellant argues that the Magistrate Judge failed to articulate a factual basis constitutionally sufficient to support a finding of guilt beyond a reasonable doubt. *Id*.

A. SUFFICIENCY OF EVIDENCE

Appellant argues Appellee failed to present sufficient evidence to show Appellant willfully removed the vacuum cleaner "from federal property without authorization or with a specific intent to deprive the owner of the property." *Id*.

"As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.' In other words, in order to establish a 'willful' violation of a statute, 'the

4

Government must prove that the defendant acted with knowledge that his conduct was unlawful.'" *Bryan v. United States*, 524 U.S. 184, 191-92 (1998) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 137 (1994)).

Subsection (a)(3) is the only section of § 1.218 in which the word "willful" appears. A defendant violates this Regulation by willful "destruction, damage, or removal of Government property or any part thereof, *without authorization* . . . ." 38 C.F.R. § 1.218(a)(3) (emphasis added).

Appellant did not work for the housekeeping department and admitted to Rascoe on January 7, 2013, that he "took" the vacuum cleaner. The videotape admitted into evidence shows Appellant removing the vacuum cleaner from the building. Appellant later told Rascoe that the lost vacuum cleaner had been located but it was determined not to be the missing vacuum cleaner. Finally, the missing vacuum cleaner was found in an equipment closet (where it did not belong) some four (4) months after its disappearance, after Appellant had been charged with its theft.

The Regulation section on which Appellant was convicted prohibits the willful removal of Government property. This section does not require the property be removed from federal property, nor does it require that Appellant willfully remove the property "with the specific intent to deprive the owner of the property." *See United States v. Ardines*, 293 F.R.D. 117, 121 (E.D. N.Y. 2013) (defendant charged with and convicted of willful removal of government property when seen by guard with hospital gloves while waiting at bus stop "located in an inner driveway of the hospital's parking lot."). *See also Carey v. Dep't of Veterans Affairs*, 223 F.3d 909, 2000 WL 301816 at *1 (Fed. Cir. 2000) (unpublished) (decision upholding final order of Merit Systems Protection Board where underlying event was citation for willful removal of Government property without permission "following an incident in which two missing computer memory chips were found in [the

defendant's] desk."); *Hightower v. Dep't of Veterans Admin.*, 846 F.2d 77, 1988 WL 23323 at *1 (Fed. Cir. 1988) (unpublished) (decision upholding final order of Merit Systems Protection Board where underlying event was citation for willful removal of Government property when the defendant "had a sack with government slippers in it and she was about to leave the hospital.").

Accordingly, sufficient evidence existed for any rational trier of fact to find the essential elements of this offense beyond a reasonable doubt; that is, that Appellant willfully removed the vacuum cleaner without authorization. Therefore, the Magistrate Judge committed no error in this regard.

B. FACTUAL BASIS FOR FINDING OF GUILT

Appellant argues the Magistrate Judge's articulated basis for the guilty verdict was constitutionally deficient. However, Appellant cites no authority for this proposition. As noted by Appellee, Title 18, United States Code Section 3401 provides the procedure for trial of petty and misdemeanor offenses before a United States Magistrate Judge. Nothing in this statutory section directs the articulation of findings at the end of a trial. However, even if articulation of the factual basis for the court's finding was required, the court finds that the Magistrate Judge sufficiently stated his findings on the record. The Magistrate Judge made a credibility determination between the Appellee's witnesses and the witness for Appellant and concluded the Appellant willfully removed the vacuum cleaner. As noted above, it is not for the reviewing court to weigh the evidence or to determine the credibility of the witnesses.

For these reasons, Appellant's argument is rejected.

**IV. CONCLUSION**

Accordingly, Appellant's conviction is hereby **affirmed**.

**IT IS SO ORDERED**.

                                            s/ Cameron McGowan Currie
                                            CAMERON McGOWAN CURRIE
                                            SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 13, 2014